ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 421-3403
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs
Juan Gonzalez and Ricardo Mendoza



UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| JUAN GONZALEZ and RICARDO MENDOZA, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>DDR PARTNERS, INC. dba PACIFIC ATHLETIC CLUB, and DOES 1-10<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:**<br>1). Violation of California Labor Code §1194;<br>2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code §226.7; 4). "Waiting Time" Penalties under California Labor Code §203; and 5). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiffs, JUAN GONZALEZ ("GONZALEZ") and RICARDO MENDOZA ("MENDOZA"), on their own behalves and on behalf of others similarly situated, alleges as follows:

**NATURE OF CLAIM**

1. This is a class action on behalf of putative members who had been employed on an hourly rate basis by Defendants DDR PARTNER, INC. dba PACIFIC ATHLETIC CLUB, and DOES 1-10 (collectively referred to as "PACIFIC ATHLETIC") for some period during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California

1                                                                  Case No.

**CLASS ACTION COMPLAINT**
**Gonzalez, et al vs. DDR Partners, Inc. Dba Pacific Athletic Club, et al**

Wage Orders and statutes. On their own behalves and on behalf of other similarly situated individuals who fall within the relevant statutory periods, Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2. Plaintiffs bring this collective action on behalf of themselves and other hourly paid employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

**PARTIES**

3. At all times relevant herein, Plaintiff GONZALEZ is an individual resident of Sunnyvale, California.

4. At all relevant times herein, Plaintiff MENDOZA is an individual resident of San Ramon, California.

5. Individual Defendants DDR PARTNERS, INC. is the owner of the sole proprietorship of business called PACIFIC ATHLETIC CLUB, with their primary place of business in Redwood City, California.

6. The individual Defendants Does 1 to 10, inclusive, according to information and belief, are the owners and officers or mangers of PACIFIC ATHLETIC CLUB, having control over the work conditions and situation of Plaintiffs and other employees.

**SUBJECT MATTER JURISDICTION AND VENUE**

7. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

8. This Court is a proper venue, since all events giving rise to the claims of the named Plaintiffs and the putative class members.

2      Case No.

**CLASS ACTION COMPLAINT**
<u>Gonzalez, et al vs. DDR Partners, Inc. Dba Pacific Athletic Club, et al</u>

## SUBSTANTIVE ALLEGATIONS

9. Plaintiffs were employed on an hourly rate by Defendants for some period during last three years.

10. During last three years, Plaintiffs and other hourly paid employees worked over 8 hours a day and forty fours a week from time to time on regular basis.

11. Plaintiffs and such other hourly rate employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

12. Within 72 hours of termination of Plaintiffs and other hourly rate employees, Defendants willfully failed to pay them wages owed, the amount of which was readily ascertainable at the time of termination.

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code Sections §510*

13. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-12 as if fully stated herein.

14. During last three years, Plaintiffs' employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

15. During their employment with the Defendants, Plaintiffs regularly worked in excess of forty hours per week and in excess of eight hours per day. Plaintiffs received only straight time, or at some times nothing at all, from Defendants for these overtime hours.

16. During last the three years, Defendants knowingly caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half or double of his regular rate of pay.

17. By not paying overtime wages in compliance with the state law, Defendants

3                                                    Case No.

**CLASS ACTION COMPLAINT**
**Gonzalez, et al vs. DDR Partners, Inc. Dba Pacific Athletic Club, et al**

violated Plaintiffs' rights under the law, specifically California Labor Code Section 1194.

18. As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiffs incurred general damages in the form of lost overtime compensation in amounts to be proven at trial.

19. Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due to them at the time their employment ended.

20. Plaintiffs were required to retain an attorney for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT TWO

*Violation of the Fair Labor Standards Act*

*29 U.S.C. §201, et seq.*

21. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-20 as if fully stated herein.

22. At all relevant times herein, Plaintiffs' and other hourly rate employees' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq*.

23. 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

24. Although Plaintiffs and other hourly rate employees were not so exempt during their employment with Defendants, and although Defendants had been fully aware of both the hours worked and the duties assigned to the Plaintiffs and other hourly rate employees, Defendants knowingly caused, suffered, and permitted Plaintiffs and other hourly rate employees to regularly work in excess of forty hours per week without paying them one and one half of

their regular rate of pay.

25. By not paying overtime wages in compliance with FLSA, Defendants violated the rights of Plaintiffs and other hourly rate employees under FLSA.

26. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs and other hourly rate employees incurred general damages in the form of lost overtime wages.

27. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other hourly rate employees their proper pay, and thus Defendants are liable to Plaintiffs and other hourly rate employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

28. Plaintiffs were required to retain an attorney for bringing this action and are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

29. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-28 as if fully restated hereinafter.

30. At all relevant times herein, Plaintiffs' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

31. During Plaintiffs' employment with Defendants, Plaintiffs worked at least 5 hours a day, and were not provided meal period as required by law.

32. For each time that Plaintiffs were not provided the required meal period, Plaintiffs are entitled to recover one additional hour of pay at each employee's regular rate of

compensation pursuant to California Labor Code section 226.7.

33. Plaintiffs are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendants failed to provide.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

34. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-33 as if fully stated herein.

35. Within 72 hours of the termination of Plaintiffs, Defendants failed to pay them the wages owed ascertainable at the time of termination

36. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

37. As of this date these wages have not been paid to Plaintiffs, thus making Defendants liable to Plaintiffs for penalties equal to 30 days wages in amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### COUNT FIVE

*For Restitution of Unpaid Overtime Wages*
*in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

38. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated herein.

39. At all times relevant herein, the employment with Defendants was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime

**CLASS ACTION COMPLAINT**
Gonzalez, et al vs. DDR Partners, Inc. Dba Pacific Athletic Club, et al

for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

40. During the last three years, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*), but failed to pay the Plaintiffs overtime pay and premium pay for missed meal periods as required by FLSA, California Labor Code and applicable Wage Orders.

41. During the last three years, Defendants kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiffs.

42. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

43. As a direct and proximate result of Defendants' violations, the rights of the Plaintiffs and other hourly rate employees, under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

44. The Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

45. Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiffs herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award compensatory damages for unpaid overtime in amounts to be proven at trial to Plaintiffs;

2. Award liquidated damages equal to the overtime pay owed to Plaintiffs;

3. Award to Plaintiffs the meal period premium owed during last four years;

4. Award to Plaintiffs the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award the Plaintiffs the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

6. Award Plaintiffs the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7. Enter a permanent injunctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. Award Plaintiffs the costs of suit herein.

10. Grant such other and further relief as the Court may deem appropriate.

Dated: August 8, 2008

By: /s/ ADAM WANG
Attorney for Plaintiffs

**CLASS ACTION COMPLAINT**
<u>Gonzalez, et al vs. DDR Partners, Inc. Dba Pacific Athletic Club, et al</u>

JS 44 - N.D. CAL. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
JUAN GONZALEZ and RICARDO MENDOZA

**DEFENDANTS**
DDR PARTNERS, INC. dba PACIFIC ATHLETIC CLUB, and DOES 1-10

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
San Mateo

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.
San Mateo

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Adam Wang
12 South First Street, Suite 613
San Jose, CA 95113

ATTORNEYS (IF KNOWN)

C08 03814 PVT

**II. BASIS OF JURISDICTION** (PLACE AN "•" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "•" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "•" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "•" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane / ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability / ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander / ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine / **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability / ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle / ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability / ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury / ☐385 Property Damage Product Liability | ☑710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | **PRISONER PETITIONS** | ☐870 Taxes (US Plaintiff or Defendant) | |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐510 Motion to Vacate Sentence **Habeas Corpus:** | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐530 General | | ☐890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐535 Death Penalty | | |
| ☐290 All Other Real Property | | ☐540 Mandamus & Other | | |
| | | ☐550 Civil Rights | | |
| | | ☐555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "•" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☑ SAN JOSE

DATE 8/6/08

SIGNATURE OF ATTORNEY OF RECORD