```
 1  ADAM WANG, State Bar No. 201233
    LAW OFFICES OF ADAM WANG
 2  12 South First Street, Suite 708
    San Jose, California 95113
 3  Tel: (408) 421-3403
    Fax: (408) 416-0248
 4  adamqwang@gmail.com
```

**Attorneys for Plaintiffs**
Juan Gonzalez and Ricardo Mendoza

```
 7  ERIC MECKLEY, State Bar No. 168181
    STEVEN K. GANOTIS, State Bar No. 234252
    MORGAN, LEWIS & BOCKIUS LLP
 8  One Market, Spear Street Tower
    San Francisco, California 94115
 9  Tel: (415) 442-1000
    Fax: (415) 442-1001
10  emeckley@morganlewis.com
    sganotis@morganlewis.com
```

**Attorneys for Defendants**
DDR Partners, Inc. and Western Athletic Club, Inc.

*IT IS SO ORDERED*
*Judge James Ware*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JUAN GONZALEZ and RICARDO MENDOZA, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DDR PARTNERS, INC. dba PACIFIC ATHLETIC CLUB; WESTERN ATHLETIC CLUBS, INC. dba PACIFIC ATHLETIC CLUB and, DOES 1-10,<br><br>Defendants. | Case No. C 08 03814 JW<br><br>**STIPULATED REQUEST FOR COURT APPROVAL OF SETTLEMENT OF PLAINTIFFS' CLAIMS UNDER THE FAIR LABOR STANDARDS ACT;**<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE; AND**<br><br>[~~PROPOSED~~] **ORDER**<br><br>F.R.C.P. 41(a)(1)(A)(ii) |

REQUEST FOR APPROVAL OF FLSA SETTLEMENT; STIPULATION TO DISMISS Case No. C 08 03814 JW

1    Plaintiffs Juan Gonzalez and Ricardo Mendoza ("Plaintiffs") and Defendants DDR
2  Partners, Inc. ("DDR") and Western Athletic Club, Inc. ("WAC") (DDR and WAC together are
3  referred to as "Defendants") (Plaintiffs and Defendants are referred to collectively as the
4  "Parties"), by and through their respective counsel, jointly request that the Court grant approval of
5  their proposed settlement of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA").[1]
6    In addition, provided that the Court approves the settlement of Plaintiffs' FLSA claims, the
7  Parties stipulate to dismiss this action with prejudice in its entirety pursuant to the Federal Rules
8  of Civil Procedure ("F.R.C.P."), Rule 41(a)(1)(A)(ii).

### I.  COURT APPROVAL OF FLSA SETTLEMENTS IS REQUIRED.

An employee's claim under the FLSA may not be settled without the supervision and approval of either the Secretary of Labor or a United States District Court. *Lynn's Food Stores, Inc. v. United States, et al.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Zhou v. Wang's Restaurant*, 2006 U.S. Dist LEXIS 84397, *3-4 (N.D. Cal. November 9, 2006). The proper procedure for obtaining Court approval of the settlement of FLSA claims is for the parties to present to the Court a proposed settlement." *Zhou*, 2006 U.S. Dist. LEXIS 84397 at *4.

In reviewing the settlement agreement, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores*, 679 F.2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.*

### II. THE PROPOSED SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS IS A FAIR AND REASONABLE RESOLUTION OF A *BONA FIDE* DISPUTE REGARDING ALLEGED UNPAID OVERTIME WAGES.

Plaintiffs claim that they were deprived of overtime compensation for hours worked in excess of 40 per week in violation of the FLSA and seek unpaid overtime compensation,

---

[1] The Parties have negotiated and agreed upon a settlement of Plaintiffs' non-FLSA claims, however, that settlement does not require Court approval and the terms of that settlement are confidential.

liquidated damages and related attorney's fees. (First Amended Complaint ("FAC"), ¶¶21-28.) Court approval of the Parties' settlement is proper because a *bona fide* dispute exists as to the liability for, and computation of, Plaintiffs' alleged unpaid overtime claims under the FLSA.

Prior to and in connection with the Parties' May 27, 2009 mediation, Defendant WAC provided Plaintiffs with copies of their time cards and payroll records. Counsel for Plaintiffs and Defendant WAC extensively reviewed these records. Based upon this review, Plaintiffs claimed unpaid overtime of approximately $320 for Mendoza and $2,527 for Gonzalez. WAC disputed that Plaintiffs were owed *any* alleged unpaid overtime and further disputed Plaintiffs' method for calculating the alleged unpaid overtime based upon the records. Defendant WAC calculated that, even using the most liberal methodology and assuming liability in favor of Plaintiffs, based upon their time cards and payroll records Plaintiffs could claim no more than $216 in alleged unpaid overtime for Mendoza and $121 for Gonzalez. WAC also disputed Plaintiffs' claims for liquidated damages under the FLSA on the grounds that it had acted in good faith and with a reasonable basis for believing its practices complied with the FLSA.

Given the Parties' *bona fide* dispute regarding liability and the computation of alleged unpaid overtime and liquidated damages under the FLSA, and after weighing the risks and costs of continued litigation, the Parties reached a compromise to settle Plaintiffs' FLSA claims that provided for settlement payments as follows: (a) payment to Plaintiff Gonzalez in the gross sum of $824 for alleged unpaid overtime and liquidated damages under the FLSA, (b) payment to Plaintiff Mendoza in the gross sum of $576 for alleged unpaid overtime and liquidated damages under the FLSA, and (c) payment to "Law Offices of Adam Wang" in the sum of $2,000, for and relating to Plaintiffs' attorneys' fees and costs incurred in litigating the FLSA claims contained in the lawsuit.

Given the information contained in the Plaintiffs' time cards and payroll records, the settlement amounts set forth in the settlement agreement represent a fair and reasonable resolution of the Parties' *bona fide* dispute regarding Plaintiffs' claims under the FLSA and, on that basis, seek the Court's approval of the settlement agreement. A true and correct copy of the Parties' FLSA settlement agreement is attached hereto as Exhibit 1.

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to F.R.C.P. 41(a)(1)(A)(ii), the Parties also hereby stipulate to dismiss this action with prejudice, provided that the Court approves of the settlement of Plaintiffs' FLSA claims.

Dated: July 15, 2009                                    LAW OFFICES OF ADAM WANG

                                                        /S/   Adam Wang
                                                        ADAM WANG
                                                        Attorneys for Plaintiffs

Dated: July 15, 2009                                    MORGAN LEWIS & BOCKIUS


                                                        /S/  Eric Meckley
                                                        ERIC MECKLEY
                                                        Attorneys for Defendants

## ORDER

IT IS HEREBY ORDERED, based upon good cause appearing, that the Court FINDS the compromise of Plaintiff Gonzalez's and Plaintiff Mendoza's overtime, liquidated damages and attorneys' fees claims under the Fair Labor Standards Act ("FLSA") is a fair and reasonable compromise of FLSA claims as to which there are *bona fide* disputes regarding liability and computation of back wages.

IT IS FURTHER ORDERED that, based on this finding and the Parties' stipulation, the Court hereby DISMISSES THIS ACTION WITH PREJUDICE, pursuant to Federal Rule of Civil Procedure, Rule 41(a)(1)(A)(ii).

The Clerk shall close this file.

Dated: July 29, 2009                                    *James Ware*
                                                        HON. JAMES WARE
                                                        United States District Court Judge

REQUEST FOR APPROVAL OF FLSA SETTLEMENT; STIPULATION TO DISMISS Case No. C 08 03814 JW
-3-